UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSO NEWBILL,<br><br>              Plaintiff,<br><br>      v.<br><br>CAMDEN  COUNTY  CORRECTIONAL<br>FACILITY;  WARDEN  JAMES  OWENS;<br>DEPUTY WARDEN C. JOHNSON; CAMDEN<br>COUNTY BOARD OF FREEHOLDERS,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>      Civil Action<br>No. 16-cv-06050 (JBS-AMD)<br><br>      **OPINION** |

APPEARANCES:

Alphonso Newbill, Plaintiff Pro Se
1233 Lakeshore Dr.
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Alphonso Newbill seeks to bring a civil
rights complaint pursuant to 42 U.S.C. § 1983 against the Camden
County Freeholders ("Freeholders"), Warden James Owens, Deputy
Warden C. Johnson, and the Camden County Correctional Facility
("CCCF") for allegedly unconstitutional conditions of
confinement. Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review
complaints prior to service in cases in which a plaintiff is
proceeding in forma pauperis. The Court must sua sponte dismiss
any claim that is frivolous, is malicious, fails to state a
claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.   Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention at the CCCF. Complaint § III. He states: "I was placed in a cell with 4 other inmates violating my rights and causing me to have multiple emotions of ppl urinating on me and my food. I can't sleep and

2

have numerous dreams." *Id.* § III. Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

6.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of her confinement(s), whether he was a pretrial detainee or convicted prisoner, etc.

7.     Moreover, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 solely on a theory of respondeat superior. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1] In other words, Plaintiff must set forth facts supporting an inference that the Freeholders were the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

8.     Likewise, Plaintiff has not pled sufficient facts to support an inference that Warden Owens and Deputy Warden Johnson were each personally involved in either the creation of, or failure to address, the conditions of his confinement. State actors are liable only for their own unconstitutional conduct and may not be held liable for the unconstitutional conduct of

---

[1] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

their subordinates under a theory of respondeat superior.
*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bistrian v. Levi*,
696 F.3d 352, 366 (3d Cir. 2012).

9.   To the extent the complaint could be construed as
being against CCCF itself, claims against it must be dismissed
with prejudice as a prison is not a "state actor" within the
meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016
WL 6134846, *2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an
entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer
v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

10.  Plaintiff may be able to amend his complaint to
address the deficiencies noted by the Court, however. To that
end, the Court shall grant Plaintiff leave to amend the
complaint within 30 days of the date of this order.

11.  Plaintiff should note that when an amended complaint
is filed,[2] the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes
omitted). An amended complaint may adopt some or all of the

---

[2] The amended complaint shall be subject to screening prior to
service.

allegations in the original complaint,[3] but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

12.   For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

13.   An appropriate order follows.


**November 23, 2016**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge



---

[3] To the extent the complaint seeks relief for conditions Plaintiff encountered prior to September 27, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after his release. In the event Plaintiff elects to file an amended complaint, he should limit his complaint to confinements in which he was released after September 27, 2014.